# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * * *
LEON KLEMPNER, *
*
Petitioner, *
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * *

No. 16-1197V
Special Master Christian J. Moran

Filed: July 12, 2018

Attorneys' fees and costs

Robert Joel Krakow, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioner;
Irene Claire Alba, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

Leon Klempner prevailed in his claim brought in the National Childhood Vaccine Compensation Program. He is now seeking an award for attorneys' fees and costs. He is awarded $29,826.55. The basis for the award and reasons for deductions are listed below.

* * *

On September 26, 2016, Leon Klempner, filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.*, for injuries sustained from a seasonal influenza vaccination administered on September 26, 2013. Petitioner alleges that the vaccination caused him to suffer Guillain-Barre Syndrome. Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition. The parties submitted a joint stipulation that was incorporated by a decision awarding petitioner compensation in the amount of $50,000.00. Decision, 2017 WL 6816716 (Dec. 13, 2017).

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On February 8, 2018, petitioner filed a motion for an award of attorneys' fees and costs. ECF No. 43. The motion seeks a total of $30,015.65, comprised of $29,404.45 in attorneys' fees and $611.60 in attorneys' costs. Id. at 1. In compliance with General Order No. 9, petitioner filed a signed statement indicating that he did not incur any costs personally. Id. at 2.

On February 13, 2018, Respondent filed a response to petitioner's motion. ECF No. 44. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

On February 13, 2018, Petitioner filed a reply to respondent's response. ECF No. 45. "Petitioner respectfully relies on the fact, law and argument presented in his submission filed on February 8, 2018." Id at 1.

* * *

Because Mr. Ferguson received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e).

## I. Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

### A. Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests compensation for attorney Robert Krakow and his paralegal. For Mr. Krakow, petitioner requests a rate of $413 per hour for work performed in 2015, $425 per hour for work performed in 2016 and $435 per hour for work performed in 2017 and 2018. As these

rates are in accordance with those previously awarded to Mr. Krakow, I find them reasonable and will award them in full. In regards to the paralegal, petitioner requests the rate of $125 per hour for work performed in 2015 and 2016, and $140 per hour for work performed in 2017 and 2018. I find these rates reasonable and award them in full.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

i. Administrative Time

The undersigned finds it reasonable to reduce petitioners' fees award due to the excessive amount of administrative work billed. 1.45 hours were billed for administrative tasks such as scanning documents, making copies, taking screen shots, and mailing documents.[2] Pet. App., Ex 23 at 7-8 and 12. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services…should be considered as normal overhead office costs included within the attorney's fee rates"). The undersigned **reduces the fee application for administrative time in the amount of $189.50**.

## II. Costs

Petitioner requests compensation for attorney costs in the amount of $611.60. These costs include medical records, filing fees, and postal charges. After review the undersigned finds all costs are reasonable and adequately documented. The undersigned finds no cause to reduce petitioners' request for attorney costs and awards the full amount sought.

## III. Conclusion

For the reasons set forth above, the undersigned finds that petitioners counsel is entitle to reasonable attorney's fees and costs. The amount of the award is computed as follows:

---

[2] These entries include but are not limited to: September 25, 2016; November 7, 2016; and May 10, 2017.

| **Total Fees and Costs Requested:** | **$30,016.05** |
|---|---|
| **Attorney Fees:** | |
| Total Requested: | $29,404.45 |
| Less Administrative Time: | ($189.50) |
| Petitioners Costs Awarded: | $611.60 |
| **Total Attorney's Fees and Costs Awarded:** | **$29,826.55** |

**A lump sum of $29,826.55 in the form of a check made payable to petitioner and petitioner's attorney, Robert J. Krakow, P.C., for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.